**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DR. JEFFREY STANDIFER** § | | |
| **PLAINTIFF,** § | | |
| § | | |
| **V.** § | **CASE NO. 3:22-CV-2088-M-BK** | |
| § | | |
| **TOM THUMB STORE,** § | | |
| **DEFENDANT.** § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, *Defendant's Motion for Summary Judgment*, Doc. 65, is before the Court for the issuance of findings and a recommended disposition. For the reasons that follow, the motion should be **GRANTED**.

### I. BACKGROUND

The following facts are established by the parties' competent summary judgment evidence as noted.

In February 2022, Plaintiff Esmeralda Gonzalez, a Hispanic woman, tried to buy alcohol at a Tom Thumb Store in Dallas, Texas. Doc. 67 at 27 (Gasca Decl.). At that time, Tom Thumb's "Alcohol & Tobacco Sales Policy" stated, "[i]f you are fortunate enough to look under the age of 40, please be prepared to present your state or government issued identification." Doc. 67 at 3 (Fosnaugh Decl.), Doc. 67 at 8 (Tom Thumb's "Alcohol & Tobacco Sales Policy"). Relying on this policy, the cashier asked Gonzalez for her ID, but Gonzalez replied that she did not have it with her, adding that she was over 21 years old. Doc. 67 at 27 (Gasca Decl.). The cashier and manager then explained to Gonzalez that Tom Thumb's policy was to refuse to sell

alcohol to anyone who *appeared* to be 40 years old or younger, unless the customer presented an acceptable photo ID. Doc. 67 at 27 (Gasca Decl.); Doc. 67 at 31 (Johnson Decl.).

At the same time, Plaintiff Jeffrey Standifer, an African-American male, was also in line to check out at the same register. Doc. 67 at 27 (Gasca Decl.), Doc. 67 at 31 (Johnson Decl.). He interjected that Gonzalez was one of his patients and vouched for her being over 21 years old. Doc. 67 at 27 (Gasca Decl.). The manager then repeated Tom Thumb's policy to Standifer. Doc. 67 at 31 (Johnson Decl.). Standifer replied that he was over 21 years old and offered to buy the alcohol for Gonzalez. Doc. 67 at 31-32 (Johnson Decl.). But store policy prevented that sale as well, as the manager told Standifer, in light of Standifer's stated intention to give the alcohol to Gonzalez. Doc. 67 at 4 (Fosnaugh Decl.), Doc. 67 at 31-32 (Johnson Decl.).

In turn, Standifer directed a vulgar tirade, that included profanity and racist/sexist slurs, at the manager, an African-American woman, and a store security officer. Doc. 67 at 20-24 (certified transcription of video footage); Doc. 67 at 28, 32. Nevertheless, the manager sold Standifer all of the non-alcoholic items that he brought to the register. Doc. 67 at 32-33 (Johnson Decl.). When the store security officer returned after briefly leaving the register area, Standifer reached across the register, moving his hand upward near the manager's face. Doc. 67 at 16 (Parker Decl.), Doc. 67 at 32 (Johnson Decl.). The manager contends that in so doing, Standifer struck her nose with his finger—contact which Standifer staunchly denies. Doc. 67 at 32 (Johnson Decl.); Doc. 70 at 11 (Standifer Decl.).

Standifer and Gonzalez, both proceeding *pro se*, sued Defendant Tom Thumb Store ("Tom Thumb"), alleging racial discrimination in violation of both 42 U.S.C. § 1981 and 15 U.S.C. § 13, and seeking monetary and non-monetary relief. Doc. 17, *passim*. Gonzalez's claims have since been dismissed with prejudice on agreed motion, Doc. 62. Doc. 85. Tom

2

Thumb now moves for summary judgment on Standifer's claims. Doc. 65. Standifer has filed a response, Doc. 69, and Tom Thumb has filed a reply, Doc. 71. Thus, the motion is ripe for determination.

## II. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (citation omitted).

Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment, but a party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016) (internal alterations omitted) (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

3

### III. ANALYSIS

*A. Standifer has abandoned his 15 U.S.C. § 13 claim.*

In his response to Tom Thumb's motion for summary judgment, Standifer does not address his claim under 15 U.S.C. § 13.[1] *See* Doc. 69. If no response is filed to a motion for summary judgment, the court cannot enter a "'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-CV-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023) (Fitzwater, J.) (citation omitted). But when a response is filed that does not address particular claims upon which summary judgment is sought, those claims can be treated as abandoned. *See Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022) ("On appeal, the City argues that Harris's failure to respond in district court to its summary judgment motion's argument about age discrimination means that the claim was abandoned. It has authority on its side.") (citing *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001)).

Because Standifer has abandoned his 15 U.S.C. § 13 claim, Tom Thumb is entitled to summary judgment in its favor as to the same.

*B. Standifer fails to show a genuine issue of material fact as to whether Tom Thumb discriminated against him based on his race.*

As to Standifer's section 1981 claim, Tom Thumb argues that no evidence—direct or otherwise—shows that it intended to discriminate against Standifer based on his race. Doc. 66 at 6-7 (citations omitted). Standifer responds that Tom Thumb's reason for denying the sale of the

---

[1] 15 U.S.C. § 13 makes it "unlawful for any person engaged in commerce, in the course of such commerce . . . to discriminate in price between different purchasers of commodities of like grade and quality, . . . where such commodities are sold for use, consumption, or resale within the United States . . . and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition . . . ." Based on the facts alleged by Plaintiff, the statute appears to have no applicability here.

4

alcohol based on store policy was "pretextual." Doc. 69 at 7. In support of his response, he cites various unverified allegations from the operative complaint. Doc. 69, *passim*. Tom Thumb replies that Standifer's allegations are not evidence at the summary judgment stage. Doc. 71 at 6-7 (citations omitted). Tom Thumb's arguments have merit.

Section 1981 prohibits private parties from engaging in racial discrimination in the making, enforcing, performance, modification, and termination of contracts. 42 U.S.C. § 1981. To succeed on a section 1981 claim in the retail context, a plaintiff must establish "(1) that [he] is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). The first and third elements are undisputed—Standifer is African-American and his attempt to buy retail goods constituted a protected activity. *See id.* at 752 ("[W]here a customer has engaged in an actual attempt to contract that was thwarted by the merchant, courts have been willing to recognize a [section] 1981 claim.") (citations omitted).

Standifer's section 1981 claim thus turns on the second element—whether Tom Thumb intended to discriminate against Standifer "on the basis of" his race. Accordingly, "[he] bears the burden of showing that race was a but-for cause of [his] injury." *Comcast Corp. v. Nat'l Ass'n of Af, Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). Put differently, "[he] must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Id.* at 1019. At the summary judgment stage, the non-movant "will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (footnote and internal quotation marks omitted).

5

Here, no reasonable jury could find that Tom Thumb would have sold Standifer the alcohol that he sought to buy "but for" his race. *See Comcast Corp.*, 140 S. Ct. at 1014. His response cites no *evidence* that Tom Thumb prevented him from purchasing alcohol because he is African-American, offering instead only his unsupported allegations. *See Jones*, 936 F.3d at 321. Conversely, Tom Thumb produced an affidavit from the store director attesting to the store policy on the subject occasion. Doc. 67 at 4 (Fosnaugh Decl.). Tom Thumb also produced an affidavit from the manager who refused the sale, citing the policy as the only basis for doing so and expressly denying that her refusal was because of Standifer's race. Doc. 67 at 32-33. Further, Standifer's deemed admissions confirm Tom Thumb's race-neutral basis for refusing to sell him alcohol. Doc. 67 at 36-41. Tom Thumb is thus entitled to summary judgment on this claim.

Although the Court need not scour the summary judgment record for controverting evidence, a review of the materials provided in Standifer's appendix, Doc. 70, reveals that none, singly or in combination, creates a genuine issue of material fact as to this claim. Included is a pre-suit letter from an attorney who merely opines that it is "hard to believe that [Standifer,] a doctor who has been in practice for over 23 years would risk his license by striking one of [Tom Thumb's] employees in the face." Doc. 70 at 2-3. Also included is a police incident report from which, although obviously not considered as evidence here, actually tracks Tom Thumb's version of the salient events. Doc. 70 at 4-10. And lastly, Standifer includes a declaration in which he denies "hit[ting], strik[ing], or otherwise assault[ing]" any of Tom Thumb's employees. Doc. 70 at 11. Again, none of this, even if considered true, creates a genuine issue

6

of material fact as to whether Tom Thumb discriminated against Standifer "on the basis of" his race, as required to establish a section 1981 claim.[2]

## IV. CONCLUSION

For the foregoing reasons, *Defendant's Motion for Summary Judgment*, Doc. 65, should be **GRANTED**, Standifer's claims should be **DISMISSED WITH PREJUDICE**, and, as no claims will remain, this case should be closed.

**SO RECOMMENDED** on February 1, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] Because summary judgment is appropriate on this basis alone, the Court does not reach Defendant's remaining arguments.